IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELAINE L. CHAO, Secretary of Labor,
UNITED STATES DEPARTMENT OF
LABOR,

    Plaintiff,

  v.

ZOLTRIX INC., a suspended California
corporation and Plan Administrator, and
ZOLTRIX INC. 401(k) PROFIT SHARING
PLAN, an employee benefit plan,

    Defendants.
                                       /

No. C 07-00610 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ZOLTRIX, INC.**

**INTRODUCTION**

In this ERISA enforcement action, plaintiff has moved for a default judgment against defendant Zoltrix, Inc., a suspended California corporation, who has never appeared in this action. In 1993, Zoltrix established an employee-benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. 1002(3). Plaintiff asserts the plan violates ERISA Sections 402(a), 402(b)(4), and 403(a), 29 U.S.C. 1102(a), 1102(b)(4), and 1103(a). Pursuant to ERISA Section 502(a)(5), 29 U.S.C. 1132(a)(5), plaintiff has standing as Secretary of the United States Department of Labor to bring a civil action to enforce any provision of Title I of ERISA. Review of the *Eitel* factors favors entry of default judgment. Accordingly, plaintiff's motion is **GRANTED**.

**STATEMENT**

This action was commenced on January 30, 2007. Plaintiff filed a first amended complaint on April 16, 2007, which contains the following allegations. In 1993, Zoltrix established the Zoltrix, Inc. 401(k) Retirement Profit Sharing Plan, an employee-benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. 1002(3). Zoltrix assumed responsibility for the plan as sponsor, administrator, and named fiduciary (Amd. Comp. ¶ 4–5). In 2001, Zoltrix ceased operations and abandoned the plan (Amd. Comp. ¶ 9). Since Zoltrix ceased operations, participants and beneficiaries of the plan have been unable to access their accounts (Amd. Comp. ¶ 10). As of June, 30, 2005, the plan held assets of $60,989.77 (Amd. Comp. ¶¶ 13–14).

Plaintiff alleges that the plan violates ERISA Section 402(a), 29 U.S.C. 1102(a), because Zoltrix failed to appoint a successor named fiduciary to control and manage the operation and administration of the plan. Plaintiff also alleges that the plan violates ERISA Section 403(a), 29 U.S.C. 1103(a), because Zoltrix failed to appoint a trustee with exclusive authority and discretion to manage and control the plan's assets. Lastly, plaintiff alleges that the plan violates ERISA Section 402(b)(4), 29 U.S.C. 1102(b)(4), which provides that every employee-benefit plan shall specify the basis on which payments are made to and from the plan.

In an order dated May 15, 2007, the Court granted plaintiff's motion to serve process on Zoltrix upon the California Secretary of State. On May 16, plaintiff properly served the summons and first amended complaint. Pursuant to FRCP 12(a)(1), Zoltrix's answer to the first amended complaint was due on June 5. Zoltrix has failed to file an answer or otherwise defend this action. At plaintiff's request, on July 6, the Clerk entered default against Zoltrix. Plaintiff now moves for a default judgment. Pursuant to ERISA Section 502(a)(5), 29 U.S.C. 1132(a)(5), plaintiff asks that Zoltrix be removed as fiduciary and requests that Larry M. Lefoldt be appointed independent fiduciary of the plan.

**ANALYSIS**

Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default. Default judgments are generally disfavored. "Cases should be decided upon their merits

whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986) (citation omitted). Whether to grant the application is within the discretion of the trial court. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, a court is to consider the following factors in exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. These factors favor entry of default judgment in this action.

### 1. MERITS AND SUFFICIENCY OF COMPLAINT.

After entry of default, well-pleaded allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906, (9th Cir. 2002). Thus, there can be no dispute as to the material facts. Consequently, this order finds that *Eitel* factors two, three and five weigh in favor of entry of default judgment.

Plaintiff alleges that the plan violates ERISA Section 402(a), 29 U.S.C. 1102(a), because Zoltrix failed to select a successor named fiduciary to control and manage the operation and administration of the plan.

Pursuant to ERISA Section 402(a)(2), 29 U.S.C. 1102(a)(2), a "named fiduciary" means:

> [A] fiduciary who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly.

Under ERISA Section 402(a)(1), 29 U.S.C. 1102(a)(1):

> Every employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan.

The well-pleaded facts establish that defendant was the sponsoring employer and administrator of the plan. This order finds defendant failed to appoint a successor named fiduciary when it ceased operations in 2001. Accordingly, the plan exists in violation of ERISA Section 402(a)(1), 29 U.S.C. 1102(a)(1).

3

Plaintiff also alleges that the plan violates ERISA Section 403(a), 29 U.S.C. 1103(a), because Zoltrix failed to appoint a trustee with exclusive authority and discretion to manage and control the plan's assets.

Under ERISA Section 403(a), 29 U.S.C. 1103(a):

> [A]ll assets of an employee benefit plan shall be held in trust by one or more trustees . . . the trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan . . . .

The well-pleaded facts establish that the plan has had no trustee since defendant ceased operations in 2001. Accordingly, this order finds the plan exists in violation of ERISA Section 403(a), 29 U.S.C. 1103(a).

Lastly, plaintiff alleges that the plan violates ERISA Section 402(b)(4), 29 U.S.C. 1102(b)(4), which provides that every employee-benefit plan shall specify the basis on which payments are made to and from the plan. This order finds that because the basis upon which payments are made to and from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA Section 402(b)(4), 29 U.S.C. 1102(b)(4).

Pursuant to ERISA Section 502(a)(5), 29 U.S.C. 1132(a)(5), plaintiff has standing as Secretary of the United States Department of Labor to bring a civil action to *enjoin* any practice that violates any provision of Title I of ERISA, and to obtain *other appropriate equitable relief* to redress such violation or *enforce* any provision of Title I of ERISA. Appropriate equitable relief includes the appointment of independent plan investment managers, administrators or fiduciaries to carry out the proper administration and management of benefit plans. *Donovan v. Mazzola*, 716 F.2d 1226, 1237–1239 (9th Cir. 1983). Plaintiff's complaint, therefore, has merit and is sufficient.

### 2.  REMAINING FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. If the motion is denied, the participants and beneficiaries of the plan would not be able to gain access to their individuals accounts; the possibility of prejudice to the plaintiff is great.

4

In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. *See Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when considered in light of the parties dispute as to material facts, supported decision not to enter default judgment). Here, as of June, 30, 2005, the plan held assets of $60,989.77. That amount pales beside the three million dollars at stake in *Eitel*.

Moreover, defendant ceased operations many years ago and failed to appear in this action. It is highly improbable that the default was the result of excusable neglect. Although federal policy may favor decisions on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where defendant has failed to plead or otherwise defend.

### 3. FEES AND COSTS OF INDEPENDENT FIDUCIARY.

Plaintiff requests that Larry M. Lefoldt of Lefoldt & Co., P.A., 690 Towne Center Boulevard, Ridgeland, Mississippi, 39157, be appointed as an independent fiduciary to the plan. Plaintiff also asks the Court to authorize payment to Mr. Lefoldt of $2,971.25 in fees and expenses, payable from the assets of the plan. Plaintiff has failed to justify Mr. Lefoldt's fees or explain why payment of such an amount is reasonable. This order directs plaintiff to file and serve a detailed declaration of all expenses and costs sought to be recovered by Mr. Lefoldt for services rendered as independent fiduciary of the plan. Until such time, this Court will not allow payment of the specific amount requested by plaintiff.

## CONCLUSION

For the foregoing reasons, subject to plaintiff filing and serving the declaration described above, plaintiff's motion for default judgment against defendant Zoltrix is **GRANTED**.

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for default judgment against defendant Zoltrix is **GRANTED**;

2. Defendant Zoltrix is removed as fiduciary to the plan;

3. Larry M. Lefoldt of Lefoldt & Co., P.A., 690 Towne Center Boulevard, Ridgeland, Mississippi, 39157, is appointed as Independent Fiduciary of the plan;

4. The Independent Fiduciary shall collect, marshal, pay out and administer all of the plan's assets held in fifteen individual participant accounts by John Hancock Life Insurance Company, and take further action with respect to the plan as appropriate, including terminating the plan when all of its assets are distributed to all eligible participants and beneficiaries;

5. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, the Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each plan participant and beneficiary who is eligible to receive a distribution under the terms of the plan;

6. The Independent Fiduciary shall have all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing a final Form 5500;

7. The Independent Fiduciary may delegate or assign fiduciary duties as appropriate and allowed under the law;

8. The Independent Fiduciary may retain such assistance as he may require including attorneys, accountants, actuaries and other service providers;

9. The Independent Fiduciary shall receive reasonable fees and expenses, not to exceed $2,971.25, from the assets of the plan for services rendered in compliance with this order;

10 The Independent Fiduciary shall have full access to all data, information and calculations in the plan's possession and under its control, including information and records maintained by the plan's custodial trustee or service provider;

11. The Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the plan; and

6

12. The Independent Fiduciary is directed to comply with all applicable rules and laws.

**IT IS SO ORDERED.**

Dated:  October 11, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE